# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OMAR JOSE DELGADO,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:13-cv-153-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 15)** |
| **FILED:** | **March 19, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED with PREJUDICE**.

### I.    BACKGROUND

On January 28, 2013, Plaintiff, Omar Jose Delgado, filed a Complaint challenging the Commissioner of Social Security's (hereafter "Commissioner") final decision to deny his claim for benefits. Doc. No. 1. Attached to Plaintiff's Complaint is the Commissioner's notice, informing Plaintiff that his request for the Appeals Council to review the Administrative Law Judge's (hereafter "ALJ") was denied. Doc. No. 1-1 at 2-4. This notice is dated November 2, 2012.

On March 19, 2013, the Commissioner moved to dismiss the Complaint (hereafter "Motion"), asserting it was untimely filed. Doc. No. 15. The Commissioner asserts that the Appeals Council's denial of Plaintiff's request for review rendered the ALJ's decision final and Plaintiff was required to file his Complaint within sixty (60) days thereafter. Doc. No. 15 at 2 (citing 20 C.F.R. §§ 404.981, 422.210(c)). The Commissioner notes that the Appeals Council's notice is "presumed to be received 5 days after its date." Doc. No. 15 at 2. Consequently, the Commissioner contends "Plaintiff was required to file his civil action in this case on or before Monday, January 7, 2013." Doc. No. 15 at 2.

In support of the Motion, the Commissioner attaches the declaration of Patrick J. Herbst, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations for the Commissioner; the ALJ's notice of unfavorable decision, dated October 3, 2011; and the Appeals Council's notice denying review, dated November 2, 2012. Doc. No. 15-1. In his declaration, Mr. Herbst states:

> The official file maintained by the Office of Disability Adjudication and Review relating to the claim of the plaintiff, OMAR JOSE DELGADO, under Title II of the Social Security Act, is presently within my custody and has been examined under my supervision. To the best of my knowledge and belief said file shows that:
>
> (a) On October 3, 2011, an Administrative Law Judge issued a decision denying the plaintiff's claim for benefits under Title II, and mailed a copy thereof to the plaintiff (Exhibit 1). Thereafter, the plaintiff requested review of this decision. On November 2, 2012, the Appeals Council sent, by mail addressed to the plaintiff at 4111 S. Semoran Blvd., Apt. 8, Orlando, FL 32822, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt (Exhibit 2).
>
> (b) At the time of signing this Declaration, the undersigned is not aware of any request for an extension of time to file a civil action as specified in said notice and in section 205(g) of the Social

> Security Act, as amended (42 U.S.C. 405(g) and in section 422.210 of Social Security Administration regulations No. 22 (20 CFR 422.210).
>
> (c) On January 28, 2013, a civil action was filed in the United States District Court for the Middle District of Florida.

Doc. No. 15-1 at 3-4. Thus, Mr. Herbst states that the Appeals Council's notice was sent to Plaintiff on November 2, 2012; Plaintiff has not requested an extension to file his Complaint; and Plaintiff filed his Complaint on January 28, 2013.

Because the Commissioner requested the Motion be treated as one for summary judgment, the undersigned entered a *Milburn* Order,[1] directing Plaintiff to file his response, affidavits and other documents in opposition to the Motion on or before April 18, 2013. Doc. No. 16. As of this date, Plaintiff has not filed a response to the Motion.

## II. STANDARD OF REVIEW

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Whether a fact is material depends on the substantive law of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court must consider all inferences drawn from the underlying facts in a light most favorable to the non-moving party, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If an issue of material fact exists, the Court must not decide it, but rather, must deny summary judgment and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[2] However, where no issue of material fact

---

[1] *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

[2] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

exists, the Court may enter judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is mandated against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. ANALYSIS

"A claimant seeking judicial review of the Commissioner's final decision must file a civil suit within 60 days after receiving notice of the Commissioner's decision." *Christides v. Comm'r of Soc. Sec.*, 478 F. Appx. 581, 583 (11th Cir. 2012) (citing 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c)).[3] A plaintiff may file a complaint challenging an ALJ's decision when the Appeals Council has denied review. 20 C.F.R. § 422.210(a). The complaint must be filed within sixty (60) days after receiving the Appeals Council's denial of a request for review. 20 C.F.R. § 422.210(c). Absent a "reasonable showing to the contrary," Plaintiff is presumed to have received notice of the Appeals Council's notice denying review five days after the date of such notice. *Id.*

The Appeals Council sent its notice denying Plaintiff's request to review the ALJ's decision on November 2, 2012. Doc. Nos. 1-1 at 2-4; 15-1 at 8-11. Plaintiff is presumed to have received this notice on November 7, 2012. *See* 20 C.F.R. § 422.210(c). To be timely, Plaintiff's Complaint had to be filed on or before January 7, 2013. Plaintiff filed the Complaint on January 28, 2013. Doc. No. 1. Plaintiff has not filed a response or otherwise indicated why his Complaint is timely.

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. The Motion be **GRANTED**;

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

2. Plaintiff's Complaint be **DISMISSED with Prejudice**; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail**.

**RECOMMENDED** in Orlando, Florida on April 23, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy